### John Colp v. William Halstead.

1. POUNDS—*Location of.*—A pound located by the county commissioners will continue to be the proper place to impound stock until changed by the proper authorities.

2. SAME—*Fees for Impounding Cattle.*—In counties not under township organization a pound master can only be entitled to charge fees for his services as provided for by the order of the county commissioners.

3. SAME—*Fees, a Legal Liability.*—A claim for fees for impounding cattle is based upon a legal liability, and the facts creating such liability must be shown.

**Action for Pound Fees.**—Appeal from the Circuit Court of Williamson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1895. Reversed and remanded. Opinion filed March 7, 1896.

CLEMENS & WARDER and GEO. A. HENSHAW, attorneys for appellant.

DUNCAN & RHEA, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee as pound master of eight mile precinct, in Williamson county, to recover fees for taking up and impounding appellant's stock. He recovered judgment therefor, from which this appeal was taken. At the November election, 1890, this precinct voted to restrain stock from running at large. At the March meeting, 1891, the county commissioner canvassed the vote, and under the provision of section 8, chapter 8, of statutes, appointed a pound master and established a pound. The pound master so appointed soon resigned, and at the May meeting, 1891, of the county commissioners, another pound master was appointed and the following order entered : It is ordered by the board that the said John F. Council build and prepare a pound near the center of the north side of the N. W. ¼, S. W. qr. of Sec. 15, in T. 9, S., R. 1, E. of 3d P. M., said inclosure to be about one acre, and when com-

Colp v. Halstead.

pleted said piece of land is by order of the board hereby established as a pound for said eight mile precinct."

At each of said meetings the fees of the pound master was fixed. Section 8, chapter 8, *supra*, provides that when a vote is so taken restraining domestic animals from running at large " it shall be the duty of * * * the county commissioners * * * as soon as a vote is declared in the election to be hereafter held, to select and prepare a suitable pound, appoint a pound master and fix the amount of his fees and charges, which shall remain as fixed until the next annual election, at which time the same may be altered, changed or amended by a majority vote of the electors present, who shall at the same time elect a pound master for the ensuing year.

The appellee was elected pound master by this precinct, at the November election, 1894, and in a few days thereafter took up the stock of appellant, five head of mules, and instead of taking them to the pound provided by the order of the commissioners temporarily put them in the lot of a Mr. Owen, and then, at the request of the wife of appellant, brought them to their owner and put them in a lot there. The mules had broken out of an inclosure that was surrounded by a good and sufficient fence, and were not gone from the premises but a short time until they were returned as above stated.

The wife of appellant told appellee her husband would pay the fees, but on seeing him the next day appellant denied legal liability, but offered to pay appellee personally for his trouble a sum less than the fees claimed; this offer being refused this suit was brought.

It is clear the wife had no right to bind appellant by her promise to pay the fees of appellee, and the suit is not brought on such promise, but the action is based on the statutory liability. The order of the commissioners in regard to fees is as follows: " And in addition to said fees (for care of stock per day) said pound master shall be allowed and he is hereby authorized to charge and collect from the owner of the stock impounded the sum of fifty cents for hunting up and driving to pound per head horses or cattle."

The appellee testified he had no suitable place to impound the stock, as he had been but recently elected and that the custom was for each pound master to build his own pound. The evidence shows a place for a pound was located and ordered to be prepared.

Section 8 evidently contemplates that a place shall be selected by the proper authorities, so that all may know the location of the pound. Its location is not left by the law to the discretion of the pound master. We hold that the pound being located by the commissioners would continue to be the proper place to impound stock, until changed by proper authority. There is no evidence showing such change, but the evidence of appellee shows that he did not intend to use the one established. His idea was that the location of the pound was determined by the location of the pound master. Doubtless the proper authority could so locate the pound, but some action must be taken evidencing such change other than the mere change of pound masters. The appellee, under the statute, could only be entitled to charge fees for services provided for by the order of the commissioners, there being no evidence of any change therein by a vote of the precinct. The services, for which fees were authorized to be claimed, were for "hunting up and driving to pound" the appellant's mules. The appellee did not attempt to drive them to the pound that was fixed by authority. The claim being based on a legal liability, the fact creating such liability must be shown. It has not been done. We are constrained to reverse and remand this cause.